UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 17-19455-PGH |
| | (Jointly Administered) |
| CHARIOTS OF PALM BEACH, INC | Case No. 17-19458-PGH |
| and H&S, INC., | |
| | Chapter 11 |
| Debtors in Possession. | |
| _____/ | |
| CHARIOTS OF PALM BEACH, INC | Adv. No.: |
| and H&S, INC., | |
| Plaintiff, | |
| vs. | |
| ANCHOR COMMERCIAL BANK, | |
| FLAGLER BANK, | |
| J&G CAPITAL GROUP, LLC, | |
| LEGACY BANK OF FLORIDA, | |
| LQD BUSINESS FINANCE, LLC, | |
| NEXTGEAR CAPITAL, INC. | |
| NORTH FLORIDA MANGO CREDIT, | |
| ALAN AND SUSAN GILISON, Individually, | |
| ALBERT GLEAVES AND | |
| DEADRIA VAN METRE, JR., Individually, | |
| BRUCE HALEY, Individually, | |
| DANIEL JACK KEEGAN, Individually, | |
| HOWARD WINCELVOSS, Individually, | |
| JOYCE L. MORROW, Individually, | |
| KIRSTEN WHITE, Individually, | |
| MARK ADAM FOLEY, Individually, | |
| MICHAEL ANTHONY JOSEPH, Individually, | |
| RICHARD P. FACCHINE, Individually, | |
| ROSS W.W. MELTZER, Individually, | |
| STEPHEN D. HAYMES, Individually, | |
| WILLIAM V. MAURO, Individually, | |
| WOLF VON FALKENBERG, Individually, | |
| ALEXANDER & WINIFRED ARANYOS, Individually | |
| and ROGER ISPHORDING | |
| Individually, | |
| Defendants. | |
| _____/ | |

**COMPLAINT TO DETERMINE NATURE, EXTENT, VALIDITY AND
PRIORITY OF ALLEGED SECURED CLAIMS AND OTHER RELIEF**

Debtors-In-Possession, Chariots of Palm Beach, Inc. ("Chariots") and H&S, Inc. ("H&S") (the "DIP" or the "Plaintiffs"), files this adversary complaint (the "Complaint") against Defendants, ANCHOR COMMERCIAL BANK, FLAGLER BANK, J&G CAPITAL GROUP, LLC, LEGACY BANK OF FLORIDA, LQD BUSINESS FINANCE, LLC, NEXTGEAR CAPITAL, INC., ALBERT AND SUSAN GILISON, Individually, ALBERT GLEAVES VAN METRE, JR AND DEADRIA VAN METRE, JR., Individually, BRUCE HALEY, Individually, DANIEL JACK KEEGAN, Individually, HOWARD WINCELVOSS, Individually,  JOYCE L. MORROW, Individually, KIRSTEN WHITE, Individually, MARK FOLEY, Individually, MICHAEL ANTHONY JOSEPH, Individually, RICHARD P. FACCHINE, Individually, ROSS WILLIAM WALTER MELTZER, Individually, STEPHEN D. HAYMES, Individually, WILLIAM V. MAURO, Individually, WOLF VON FALKENBERG,  Individually, ALEXANDER AND WINIFRED ARANYOS, Individually, and ROGER ISPHORDING, Individually, seeking relief in the nature of a declaratory judgment regarding the nature, extent, validity and priority of secured claims, if any, that the defendants may have against the Debtors and the estate pursuant to §506 of the United States Bankruptcy Code and Bankruptcy Rule 3007, and to the extent any of the "Lenders", as defined below, were in receipt of Section 547 preferential payments from the Debtor at a time when any such Lender was under or unsecured, that pursuant to Section 502, that such claims be determined to be unenforceable pending further proceedings consistent with the requirements of Section 502, and states:

**NATURE OF THE ACTION**

This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001 and Sections 502 and 506, of Title 11 of the United States Code, 11 U.S.C. §§ 101 - 1532 (the "Bankruptcy Code") and other applicable law: (a) seeking a determination that certain assets of the bankruptcy estate, consisting of the motor vehicles that were and are the subject of floor plan arrangements with Defendants, Anchor Commercial Bank, Flagler Bank, Legacy Bank of Florida, NextGear Capital, Inc., North Florida Mango Credit, Alexander Aranyos, Roger Isphording and Alan and Susan Gilison (the "Lenders") are not

2

encumbered by liens or security interests granted to said Defendants, Pre-Petition; (b) seeking disallowance and/or recharacterization as unsecured of certain claims filed or to be filed by the Pre-Petition Lenders in these Chapter 11 proceedings pursuant to §502 of the Bankruptcy Code to the extent that such claims allege or will allege a security interest in or lien on any of the subject motor vehicles and/or any other assets of the Debtors where the Debtor can establish § 547 preference payments to any such Lenders that were under secured or unsecured within the 90 days prior to the Petition Date; and (c) a determination of the nature, extent, validity and priority of any alleged secured claims concerning Defendants, Albert Gleaves Van Metre, Jr. and Deadria Van Metre, Jr., Bruce Haley, Daniel Jack Keegan, J&G Capital, LLC, Howard Wincelvoss, Joyce L. Morrow, Kirsten White, Mark Foley, Michael Anthony Joseph, Richard P. Facchine, Ross W.W. Meltzer, Stephen D. Haymes, William V. Mauro and Wolf Von Falkenberg (the "Consignors"), each of whom placed motor vehicles for consignment with the Debtor, Pre-Petition and whose motor vehicles may or may not be subject to the lien or claim of a security interest of any or all of the Lenders and/or Consignors and (d) for such other and further relief on behalf of the Debtors and the bankruptcy estate as may be just and proper under the extraordinary circumstances of these Chapter 11 proceedings.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a).

2. This adversary proceeding is a "core" proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A) and (K).

3. In the event that any part of this adversary proceeding is found to be "non-core," Plaintiffs consent to entry of final orders and judgments by this Court, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

4. Venue in this District is properly laid pursuant to 28 U.S.C. § 1409.

## THE PARTIES

5.  Defendant, Anchor Commercial Bank, is a corporation, with a principle place of business located at 11025 RCA Center Drive, Suite 100, Palm Beach Gardens, FL 33410.

6.  Defendant, Flagler Bank, is a corporation, with a principle place of business located at 555 Northlake Boulevard, Suite 200, North Palm Beach, FL 33408.

7.  Defendant, J&G Capital Group, LLC, is a corporation, with a principle place of business located at 2660 S. Ocean Boulevard, #505, Palm Beach, FL 33480.

8.  Defendant, Legacy Bank of Florida, is a corporation, with a principle place of business located at 2300 Glades Road, Suite 140 West, Boca Raton, FL 33431.

9.  Defendant, LQD Business Finance, LLC, is a corporation, with a principle place of business located at 329 W. 18th Street, Suite 601, Chicago, IL 60616.

10. Defendant, NextGear Capital, Inc., is a corporation, with a principle place of business located at 1320 City Center Drive, Suite 100, Carmel, IN 46032.

11. Defendants, Albert and Susan Gilison, who are individuals, reside in Palm Beach County, Florida.

12. Defendant, Albert Gleaves Van Metre, Jr. and Deadria Van Metre, Jr., who are individuals, resident of the State of Virginia.

13. Defendant, Bruce Haley, who is an individual, is a resident of the State of New York.

14. Defendant, Daniel Jack Keegan, who is an individual, is a resident of the State of Florida.

15. Defendant, Howard Wincelvoss, who is an individual, is a resident of the State of Connecticut.

16. Defendant, Joyce L. Morrow, who is an individual, is a resident of the State of Pennsylvania.

17. Defendant, Kirsten White, who is an individual, is a resident of the State of Florida.

18. Defendant, Mark Adam Foley, who is an individual, is a resident of the State of Florida.

19. Defendant, Michael Anthony Joseph, who is an individual, is a resident of the State of Florida.

20. Defendant, Richard P. Facchine, who is an individual, is a resident of the State of Florida.

21. Defendant Ross William Walter Meltzer, who is an individual, is a resident of the State of Florida.

22. Defendant, Stephen D. Haymes, who is an individual, is a resident of the State of New York.

23. Defendant, William V. Mauro, who is an individual, is a resident of the State of Florida.

24. Defendant, Wolf Von Falkenberg, who is an individual, is a resident of the State of Florida.

25. Defendant, Alexander and Winifred Aranyos , who is an individual, is a resident of the State of Florida.

26. Defendant, Roger Isphording, who is an individual, is a resident of the State of Florida.

## RELEVANT FACTS

27. On July 27, 2017, (the "Petition Date"), the Debtors commenced these jointly-administered Chapter 11 cases by filing voluntary petitions for relief under Title 11 of the Bankruptcy Code. No trustee or examiner has been appointed.

28. The Debtors continue to operate its business and manage its affairs as debtors- in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

29. The Debtor, Chariots of Palm Beach, Inc., ("Chariots") is in the business of selling select pre-owned, high-end motor vehicles and owns the real property upon which the dealership maintains its business; The Debtor, H&S, Inc., is an affiliate of Chariots and engaged in the leasing of high-end motor vehicles to private individuals.

30. Upon information and belief and based upon the forensic research conducted to date, it would appear that the prior President and sole shareholder, Hugh Bate, caused multiple pledges of identical collateral to the Lenders and in certain instances caused motor vehicles owned by Consignors to be pledged to Lenders by inducing the Consignors to tender their original titles to Mr. Bate. In other instances, Mr. Bate apparently

obtained duplicate titles and pledged collateral to Lenders while other Lenders and/or Consignors were already in possession of the original title certificates for certain motor vehicles. As of the filing of this adversary, there are multiple conflicting claims to collateral and the cash collateral therefrom. The purpose of this adversary is to establish the nature, extent, validity and priority of these competing claims and to establish, as to each Lender, the applicability of Section 502 to the extent any Lender received preferential payments pursuant to Section 547 while any such lender was under secured or unsecured.

## COUNT ONE

### (Nature, Extent, Validity and Priority of Alleged Liens and Security Interests)

31. Plaintiff repeats and realleges the foregoing allegations, paragraphs 1-30, as if set forth fully herein.

32. Attached hereto as **Exhibit "1"** are the Security Agreements which have been provided by each of the Lenders in this case. Not all Lenders have Security Agreements but may claim a security interest under applicable Florida law and the Bankruptcy Code.

33. Attached hereto as **Exhibit "2"** are copies of all known consignment agreements concerning the Consignors joined herein as defendants.

34. Plaintiff seeks a determination as to the nature, extent, validity and priority[1] of each Defendants' alleged security interest(s) or lien(s) in any motor vehicles and/or any other assets of the Debtors and the cash collateral that would arguably emanate therefrom on a case-by-case basis. In this regard and due to the apparent multiple pledges as to various collateral in this matter, Plaintiff requests each Defendant to provide evidence to identify the asset which they allege to be subject to a security interest.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court determine the nature, extent, validity and priority of each of the Defendants' alleged security interest(s) or lien(s) in any motor vehicles and/or any other assets of the Debtors and the cash collateral that would arguably emanate therefrom on a case-

---

[1] "Priority" as that term is used in these proceedings, means priority under the Uniform Commercial Code as adopted in the State of Florida or any other applicable state UCC law, not the priorities established pursuant to Section 507 of the Bankruptcy Code.

by-case basis pursuant to Bankruptcy Code § 506 and for an award of costs of suit and reasonable attorney's fees and for the recovery of the reasonable, necessary costs and expenses of preserving or disposing of such property to the extent of any benefit to the holder of any such secured claim found to exist and for such other and further relief as this Court deems appropriate.

**COUNT TWO**
**(Application of 11 U.S.C. § 502 to 11 U.S.C. § 547 and Disallowance and/or Re-Characterization of Claims)**

35. Plaintiff repeats and realleges the foregoing allegations, paragraphs 1-34 as if set forth fully herein.

36. To the extent that any of the Lenders joined as Defendants in this adversary have received preferential transfers pursuant to Bankruptcy Code § 547, as shown by the attached **Exhibit "3"**, and to the extent any such Lender is shown to have been under secured or unsecured at the time of their receipt of any preferential payments, then Plaintiffs seek a determination that any such Lender may not have a claim unless and until they comply with the requirements of Bankruptcy Code § 502(d) and other applicable Bankruptcy Code provisions and Rules of Bankruptcy Procedure.

37. To the extent any such Defendant filed or files a proof of claim in these Chapter 11 proceedings asserting a lien on or security interest in any of the assets of the bankruptcy estates, that each such claim be disallowed and/or re-characterized as unsecured.

**WHEREFORE**, Plaintiff respectfully requests a determination by the Court that pursuant to 11 U.S.C. § 502, where any Lender is found to have received preferential transfers pursuant to 11 U.S.C. § 547 while any such Lender was under secured or unsecured, that any such claim(s) of Defendants filed or to be filed in the main case alleging a security interest or lien(s) on any motor vehicles and/or any other assets of the Debtors, that same be disallowed and/or re-characterized as unsecured; awarding costs of suit and reasonable attorneys' fees; and awarding such other and further relief as the Court deems equitable and proper.

**RESERVATION OF RIGHTS**

38. This Complaint is being expeditiously filed in order to determine the true first lien holder concerning Debtors' assets and is not intended, and shall not be construed as a waiver of the Debtors' rights to (i) assert additional causes of action related or unrelated to the causes of action set forth herein, including, but not limited to, preferences, fraudulent transfers or conveyances, other avoidance power claims or any other claims (including further objections to any proofs of claim filed by Defendant in the Chapter 11 Case), counterclaims or causes of action, objections, contests or defenses, or (ii) amend this Complaint to assert different or additional causes of action relating to the causes of action set forth herein to the extent such amendment is appropriate and/or for joinder of any additional defendants that have not yet been identified as stakeholders in these proceedings.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**Dated: August 23, 2017**                Respectfully submitted:

**McLAUGHLIN & STERN, LLP**
CityPlace Office Tower – Suite 1700
525 Okeechobee Boulevard
West Palm Beach, FL 33401
Tel: (561) 659-4020
*Proposed Counsel for Debtor-In-Possession*
*Chariots of Palm Beach, Inc. and H&S, Inc.*

By: __/s/ *Steven S. Newburgh*_____
STEVEN S. NEWBURGH, ESQ.
Florida Bar No. 348619