UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 17-19455-PGH |
| | (Jointly Administered) |
| CHARIOTS OF PALM BEACH, INC | Case No. 17-19458-PGH |
| and H&S, INC., | |
| | Chapter 11 |
|       Debtors in Possession. | |
| _____/ | |
| CHARIOTS OF PALM BEACH, INC | Adv. No.: 17-01339-PGH |
| and H&S, INC., | |
|       Plaintiff, | |
| vs. | |
| ANCHOR COMMERCIAL BANK, | |
| FLAGLER BANK, | |
| J&G CAPITAL GROUP, LLC, | |
| LEGACY BANK OF FLORIDA, | |
| LQD BUSINESS FINANCE, LLC, | |
| NEXTGEAR CAPITAL, INC., | |
| NORTH FLORIDA MANGO CREDIT, LLC | |
| ALAN GILISON, Individually | |
| ALBERT GLEAVES VAN METRE, JR., Individually | |
| ALEXANDER ARANYOS, Individually | |
| BRUCE HALEY, Individually, | |
| DANIEL JACK KEEGAN, Individually, | |
| DEADRIA VAN METRE, Individually | |
| HOWARD WINKELVOSS, Individually, | |
| JOYCE L. MORROW, Individually, | |
| KIRSTEN WHITE, Individually, | |
| MARK FOLEY, Individually, | |
| MICHAEL ANTHONY JOSEPH, Individually, | |
| RICHARD P. FACCHINE, Individually, | |
| ROBERT BERENS, Individually | |
| ROGER ISPHORDING, Individually, | |
| ROSS WILLIAM WALTER MELTZER, Individually, | |
| SANFORD BERENS, Individually | |
| STEPHEN D. HAYMES, Individually, | |
| SUSAN GILISON, Individually, | |
| WILLIAM V. MAURO, Individually, | |
| WINIFRED ARANYOS, Individually | |
| WOLF VON FALKENBERG, Individually | |
|       Defendants. | |
| _____/ | |

**AMENDED COMPLAINT TO DETERMINE NATURE, EXTENT, VALIDITY AND PRIORITY OF ALLEGED SECURED CLAIMS**

Debtors-In-Possession, Chariots of Palm Beach, Inc. ("Chariots") and H&S, Inc. ("H&S") (the "DIP" or the "Plaintiffs"), files this adversary complaint (the "Complaint") against Defendants, ANCHOR COMMERCIAL BANK, FLAGLER BANK, J&G CAPITAL GROUP, LLC, LEGACY BANK OF FLORIDA, LQD BUSINESS FINANCE, LLC, NEXTGEAR CAPITAL, INC., NORTH FLORIDA MANGO CREDIT, LLC, ALAN GILISON, Individually, ALBERT GLEAVES VAN METRE, JR, Individually, ALEXANDER ARANYOS, Individually, BRUCE HALEY, Individually, DANIEL JACK KEEGAN, Individually, DEADRIA VAN METRE, Individually, HOWARD WINKELVOSS, Individually, JOYCE L. MORROW, Individually, KIRSTEN WHITE, Individually, MARK FOLEY, Individually, MICHAEL ANTHONY JOSEPH, Individually, RICHARD P. FACCHINE, Individually, ROBERT BERENS, Individually, ROGER ISPHORDING, Individually, ROSS WILLIAM WALTER MELTZER, Individually, SANFORD BERENS, Individually, STEPHEN D. HAYMES, Individually, SUSAN GILISON, Individually, WILLIAM V. MAURO, Individually, WINIFRED ARANYOS, Individually, and WOLF VON FALKENBERG, Individually,  seeking relief in the nature of a declaratory judgment regarding the nature, extent, validity and priority of secured claims, if any, that the defendants may have against the Debtors and the estate pursuant to §506 of the United States Bankruptcy Code and Bankruptcy Rule 3007, and to the extent any of the "Lenders", as defined below, were in receipt of Section 547 preferential payments from the Debtor at a time when any such Lender was under or unsecured, that pursuant to Section 502, that such claims be determined to be unenforceable pending further proceedings consistent with the requirements of Section 502, and states:

**NATURE OF THE ACTION**

This is an adversary proceeding brought pursuant to Federal Rule of Bankruptcy Procedure 7001 and Section 506, of Title 11 of the United States Code, 11 U.S.C. §§ 101 - 1532 (the "Bankruptcy Code") and other applicable law: (a) seeking a determination that certain assets of the bankruptcy estate, consisting of the motor vehicles that were and are the subject of floor plan arrangements with Defendants, Anchor Commercial

Bank, Flagler Bank, Legacy Bank of Florida, NextGear Capital, Inc., North Florida Mango Credit, LLC, Alexander Aranyos, Roger Isphording, Alan Gilison, Susan Gilison, Robert Berens and Sanford Berens (the "Lenders") are not encumbered by liens or security interests granted to said Defendants, Pre-Petition and (b) a determination of the nature, extent, validity and priority of any alleged secured claims concerning Defendants, Albert Gleaves Van Metre, Jr., Deadria Van Metre, Bruce Haley, Daniel Jack Keegan, J&G Capital, LLC, Howard Winkelvoss, Joyce L. Morrow, Kirsten White, Mark Foley, Michael Anthony Joseph, Richard P. Facchine, Ross William Walter Meltzer, Stephen D. Haymes, William V. Mauro and Wolf Von Falkenberg (the "Consignors"), each of whom allegedly placed motor vehicles for consignment with the Debtor, Chariots of Palm Beach, Pre-Petition and whose motor vehicles may or may not be subject to the lien or claim of a security interest of any or all of the Lenders and/or Consignors and (d) for such other and further relief on behalf of the Debtors and the bankruptcy estate as may be just and proper under the extraordinary circumstances of these Chapter 11 proceedings.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a).

2. This adversary proceeding is a "core" proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A) and (K).

3. In the event that any part of this adversary proceeding is found to be "non-core," Plaintiffs consent to entry of final orders and judgments by this Court, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure.

4. Venue in this District is properly laid pursuant to 28 U.S.C. § 1409.

## THE PARTIES

5. Defendant, Anchor Commercial Bank, is a corporation, with a principle place of business located at 11025 RCA Center Drive, Suite 100, Palm Beach Gardens, FL 33410.

6. Defendant, Flagler Bank, is a corporation, with a principle place of business located at 555 Northlake Boulevard, Suite 200, North Palm Beach, FL 33408.

7. Defendant, J&G Capital Group, LLC, is a corporation, with a principle place of business located at 2660 S. Ocean Boulevard, #505, Palm Beach, FL 33480.

8. Defendant, Legacy Bank of Florida, is a corporation, with a principle place of business located at 2300 Glades Road, Suite 140 West, Boca Raton, FL 33431.

9. Defendant, LQD Business Finance, LLC, is a corporation, with a principle place of business located at 329 W. 18th Street, Suite 601, Chicago, IL 60616.

10. Defendant, NextGear Capital, Inc., is a corporation, with a principle place of business located at 1320 City Center Drive, Suite 100, Carmel, IN 46032.

11. Defendant, North Florida Mango Credit, LLC, is a corporation, with a principle place of business located at 251 Royal Palm Way, Suite 400, Palm Beach, FL 33480.

12. Defendant, Alan Gilison, who is an individual, resides in Palm Beach County, Florida.

13. Defendant, Albert Gleaves Van Metre, Jr., who is an individual, is a resident of the State of Virginia.

14. Defendant, Alexander Aranyos, who is an individual, is a resident of the State of Florida.

15. Defendant, Bruce Haley, who is an individual, is a resident of the State of New York.

16. Defendant, Daniel Jack Keegan, who is an individual, is a resident of the State of Florida.

17. Defendant, Deadria Van Metre, who is an individual, is a resident of the State of Virginia.

18. Defendant, Howard Winkelvoss, who is an individual, is a resident of the State of Connecticut.

19. Defendant, Joyce L. Morrow, who is an individual, is a resident of the State of Pennsylvania.

20. Defendant, Kirsten White, who is an individual, is a resident of the State of Florida.

21. Defendant, Mark Foley, who is an individual, is a resident of the State of Florida.

22. Defendant, Michael Anthony Joseph, who is an individual, is a resident of the State of Florida.

23. Defendant, Richard P. Facchine, who is an individual, is a resident of the State of Florida.

24. Defendant, Robert Berens, who is an individual, is a resident of the State of New York

25. Defendant, Roger Isphording, who is an individual, is a resident of the State of Florida.

26. Defendant Ross William Walter Meltzer, who is an individual, is a resident of the State of Florida.

27. Defendant, Sanford Berens, who is an individual, is a resident of the State of Georgia.

28. Defendant, Stephen D. Haymes, who is an individual, is a resident of the State of New York.

29. Defendant, Susan Gilison, who is an individual, resides in Palm Beach County, Florida.

30. Defendant, William V. Mauro, who is an individual, is a resident of the State of Florida.

31. Defendant, Winifred Aranyos , who is an individual, is a resident of the State of Florida.

32. Defendant, Wolf Von Falkenberg, who is an individual, is a resident of the State of Florida.

## RELEVANT FACTS

33. On July 27, 2017, (the "Petition Date"), the Debtors commenced these jointly-administered Chapter 11 cases by filing voluntary petitions for relief under Title 11 of the Bankruptcy Code. No trustee or examiner has been appointed.

34. The Debtors continue to operate its business and manage its affairs as debtors- in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

35. The Debtor, Chariots of Palm Beach, Inc., ("Chariots") is in the business of selling select pre-owned, high-end motor vehicles and owns the real property upon which the dealership maintains its business; The Debtor, H&S, Inc., is an affiliate of Chariots and engaged in the leasing of high-end motor vehicles to private individuals.

36. Upon information and belief and based upon the forensic research conducted to date, it would appear that the prior President and sole shareholder, Hugh Bate, caused multiple pledges of identical collateral

to the Lenders and in certain instances caused motor vehicles owned by Consignors to be pledged to Lenders by inducing the Consignors to tender their original titles to Mr. Bate. In other instances, Mr. Bate apparently obtained duplicate titles and pledged collateral to Lenders while other Lenders and/or Consignors were already in possession of the original title certificates for certain motor vehicles. As of the filing of this adversary, there are multiple conflicting claims to collateral and the cash collateral therefrom. The purpose of this adversary is to establish the nature, extent, validity and priority of these competing claims.

## COUNT ONE
### (Nature, Extent, Validity and Priority of Alleged Liens and Security Interests)

37.   Plaintiff repeats and realleges the foregoing allegations, paragraphs 1-30, as if set forth fully herein.

38.   Attached hereto as **Exhibit "1"** are the Security Agreements which have been provided by each of the Lenders in this case. Not all Lenders have Security Agreements but may claim a security interest under applicable Florida law and the Bankruptcy Code.

39.   Attached hereto as **Exhibit "2"** are copies of all known consignment agreements concerning the Consignors joined herein as defendants.

40.   Plaintiff seeks a determination as to the nature, extent, validity and priority[1] of each Defendants' alleged security interest(s) or lien(s) in any motor vehicles and/or any other assets of the Debtors and the cash collateral that would arguably emanate therefrom on a case-by-case basis. In this regard and due to the apparent multiple pledges as to various collateral in this matter, Plaintiff requests each Defendant to provide evidence to identify the asset which they allege to be subject to a security interest.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court determine the nature, extent, validity and priority of each of the Defendants' alleged security interest(s) or lien(s) in any motor vehicles and/or any other assets of the Debtors and the cash collateral that would arguably emanate therefrom on a case-

---

[1] "Priority" as that term is used in these proceedings, means priority under the Uniform Commercial Code as adopted in the State of Florida or any other applicable state UCC law, not the priorities established pursuant to Section 507 of the Bankruptcy Code.

by-case basis pursuant to Bankruptcy Code § 506 and for an award of costs of suit and reasonable attorney's fees and for the recovery of the reasonable, necessary costs and expenses of preserving or disposing of such property to the extent of any benefit to the holder of any such secured claim found to exist and for such other and further relief as this Court deems appropriate.

## RESERVATION OF RIGHTS

41. This Complaint is being expeditiously filed in order to determine the true first lien holder concerning Debtors' assets and is not intended, and shall not be construed as a waiver of the Debtors' rights to (i) assert additional causes of action related or unrelated to the causes of action set forth herein, including, but not limited to, preferences, fraudulent transfers or conveyances, other avoidance power claims or any other claims (including objections to any proofs of claim filed by any of the Defendants in the Chapter 11 Case), counterclaims or causes of action, objections, contests or defenses, or (ii) amend this Complaint to assert different or additional causes of action relating to the causes of action set forth herein to the extent such amendment is appropriate and/or for joinder of any additional defendants that have not yet been identified as stakeholders in these proceedings.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**Dated: August 25, 2017**          Respectfully submitted:

**McLAUGHLIN & STERN, LLP**
CityPlace Office Tower – Suite 1700
525 Okeechobee Boulevard
West Palm Beach, FL 33401
Tel: (561) 659-4020
*Proposed Counsel for Debtor-In-Possession Chariots of Palm Beach, Inc. and H&S, Inc.*

By: /s/ *Steven S. Newburgh*
    STEVEN S. NEWBURGH, ESQ.
    Florida Bar No. 34861